# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **LESLIE S. SHORT,** ) | |
| ) | |
|     Plaintiff, ) | Case No. 1:10CV00056 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | By: James P. Jones |
| **COMMISSIONER OF** ) | United States District Judge |
| **SOCIAL SECURITY,** ) | |
| ) | |
|     Defendant. ) | |

*Michael F. Gibson, Gibson, Lefler & Associates, Princeton, West Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Tara Czekaj, Assistant Regional Counsel, and Alexander L. Cristaudo, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the final decision of the Commissioner.

I

Plaintiff Leslie S. Short filed this action challenging the final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for disability insurance benefits ("DIB") and social security income ("SSI") benefits pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§

401-433, 1381-1383D (West 2003 & Supp. 2010). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Short filed for benefits in January 2007, alleging disability since November 6, 2006,[1] due to residuals of a lumbar burst fracture after hemilaminectomy[2] and fusion. Her claim was initially denied and upon reconsideration. Short received a video hearing before an administrative law judge ("ALJ"), during which Short, represented by counsel, and a vocational expert ("VE") testified. The ALJ denied Short's claim, and the Social Security Administration's Appeals Council denied her Request for Reconsideration. Short then filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Short was twenty-three years old when she filed for benefits, a "younger individual" under the regulations. *See* 20 C.F.R. § 404.1563(c) (2010). Short, who

---

[1] Short acquired substantial gainful employment as a telemarketer beginning on May 3, 2008. Thus, the current appeal is determinative for the bounded period of November 6, 2006 through May 2, 2008.

[2] A hemilaminectomy is the removal of a portion of the vertebral lamina, usually performed for exploration of, access to, or decompression of the intraspinal contents. *Stedman's Medical Dictionary* (27th ed. 2000).

has a high school education and some college credit, has previously worked as a cashier, a delivery driver, and a cook. Beginning May 3, 2008, Short was employed as a telemarketer for a satellite television provider.

Short alleges disability primarily due to a vertebral fracture, as the result of an automobile accident on November 6, 2006. She also suffers from depression, as diagnosed by her family physician. Since the date of the injury, Short's primary care has been provided by Victor T. Freund, M.D. Dr. Freund performed several surgical procedures to repair a collapsed vertebra.

Subsequently, Short presented to Dr. Freund for periodic post-operative evaluations. On November 22, 2006, Short reported tingling and numbness in her left leg but had some improvement; she denied any new weakness. While Short was using a walker, Dr. Freund observed that she "ambulate[d] quite well" and noted "good strength in the lower extremities." (R. at 264.) Additionally, Dr. Freund advised Short that she would be able to return to her previous job. On December 20, 2006, Dr. Freund noted that Short's numbness and mobility problems continued to improve, with "good movement in the lower extremities." (R. at 267.) During this visit, he suggested employment that allowed for the alternation of sitting and standing, as well as a restriction on repetitive bending or twisting. On January 29, 2007, Short reported continuing to experience numbness and pain but primarily in the morning and the evening. She "move[d] both lower

extremities quite well," had a negative straight leg raise, and had begun to use her brace less frequently. (R. at 271.) Dr. Freund suggested that Short could then safely lift up to twenty pounds.

On March 7, 2007, Robert McGuffin, M.D., a state agency physician, completed a physical residual functional capacity assessment ("RFC"), wherein he found a medically determinable impairment of the back but concluded that the "claimant will make a satisfactory recovery before the completion of the 12 month duration period." (R. at 278.) Dr. McGuffin expected that Short could stand for approximately six hours and sit for approximately six hours in a workday. He found that Short could occasionally lift or carry up to twenty pounds and could frequently lift or carry up to ten pounds.

On March 8, 2007, Short again visited Dr. Freund, and she continued to experience back pain; however, Dr. Freund found she had a "normal gait" and characterized her progress as a "slow but stable recovery." (R. at 282.) He also insisted that she remain unemployed at that point in recovery. On June 20, 2007, after DIB and SSI had been denied, Dr. Freund noted the continual improvement of her left leg numbness but observed that she "ambulate[d] with a slight left-sided antalgic gait." (R. at 281.) Short also reported sharp pains in the lumbar spine that worsened with activity. Nonetheless, she exhibited full strength in her lower extremities and her straight-leg raise remained negative.

In November 2007, state agency psychologist Howard Leizer, Ph.D., completed a psychiatric review, and state agency physician Joseph Duckwall, M.D., completed a second RFC. Dr. Leizer concluded that Short did not suffer from a severe mental impairment, as she was not functionally limited in important respects. Dr. Leizer found the description of her daily activities and Dr. Freund's observations of her psychological state as supportive of this conclusion. With regard to the second RFC, Dr. Duckwall agreed with Dr. McGuffin's determination of a medically determinable impairment but noted prior surgical procedures "resulted in a significant improvement of her symptoms." (R. at 303.) Dr. Duckwall again commented that Short's daily activities were "not significantly limited in relation to her alleged symptoms." (*Id.*) He relied on Short's medical history and Dr. Freund's determinations in reaching his conclusions.

On February 28, 2008, eight months since her last consultation, Short returned to Dr. Freund, indicating the continuation of lower back pain. She informed Dr. Freund that she was not working, her disability application was pending, and she had joined a gym "to try to become physically stronger and lose weight." (R. at 305.) Dr. Freund observed that Short could walk steadily, but there remained decreased sensation in her left thigh. She continued to require pain medication and requested an increase in dosage. Dr. Freund advised Short on chronic pain management and found that "[s]he continues to be unable to work

-5-

Case 1:10-cv-00056-JPJ-PMS   Document 24   Filed 08/22/11   Page 5 of 12   Pageid#: 384

doing her prior physically demanding job." (*Id.*) On August 29, 2008, Short again presented to Dr. Freund. She reported that she had been working forty-five hours each week as a telemarketer; Short stated that extended period of sitting aggravated her back but reported no new problems. Dr. Freund suggested that Short is able to work if she avoids repetitive bending, twisting, or lifting; he also restricted repetitive work above the shoulders and limited lifting to ten pounds. Dr. Freund noted that Short "truly was disabled after her accident and was out of work over one year's time." (R. at 307.)

After reviewing the record, the ALJ found that Short suffered from the severe impairment of residuals of lumbar burst fracture status post hemilaminectomy and fusion. The ALJ found that Short's claim of depression did not cause more than minimal limitations to her ability to perform basic mental work activities and was therefore nonsevere; the determination was based upon consideration of the four broad functional areas in the disability regulations for evaluating mental disorders. Considering Short's severe impairment, the ALJ found that "limitations imposed by musculoskeletal impairment are not of listing-level severity." (R. at 16.)

The VE testified that someone with Short's RFC, age, and work history could perform "sedentary unskilled work such as a clerical helper, information clerk [or] telephone interviewer." (R. at 39.) According to the VE, there are

approximately 9,800 jobs in the region and 280,900 jobs in the national economy. Relying on this testimony, the ALJ concluded that Short was able to perform work that existed in significant numbers in the national economy and was therefore not disabled under the Act.

Short now challenges the ALJ's unfavorable ruling, arguing that the decision is not supported by substantial evidence. For the reasons detailed below, I disagree.

### III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy…" 42 U.S.C.A. § 423(d)(2)(A) (West Supp. 2010).

In assessing DIB and SSI claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4)

could return to past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. (*Id*.); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry rely upon an assessment of the claimant's RFC, which is then compared to the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. (*Id*. at 869.)

This court's review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts,

including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

On appeal, Short argues that substantial evidence does not support the ALJ's ruling that she is not disabled under the Act. Short asserts that the ALJ improperly evaluated the evidence provided by Dr. Freund and did not adequately engage in an analysis of her credibility.

Short presented evidence of a lumbar burst fracture that has considerably limited her potential occupational choices. Short also asserts nonexertional impairments related to depression, but her current appeal focuses on the lumbar injury. Short has been under fairly consistent treatment since the date of the lumbar injury, while treatment of her depression has been considerably more limited. While Short's injury has obviously impacted her, there is substantial evidence to support the ALJ's finding that this injury did not render her disabled as defined under the Act.

First, Short argues that the ALJ improperly discredited the medical assessments of Dr. Freund. A treating physician's medical opinion will control when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010).

Case 1:10-cv-00056-JPJ-PMS   Document 24   Filed 08/22/11   Page 9 of 12   Pageid#: 388

Nonetheless, the ALJ may "give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

The record indicates that the ALJ gave considerable weight to Dr. Freund's opinions, and rather than rejecting his findings in their entirety, she merely rejected his conclusion as to a determination of disability or ability to work as inconsistent with other substantial evidence. The determination of disability or ability to work is distinct from the medical opinions provided by Dr. Freund. Opinions of disability or ability to work, being dispositive of the case, are administrative determinations and are reserved to the Commissioner. 20 C.F.R. § 404.1527(e) (2010). The purpose of medical sources is only "to provide evidence, including opinions, on the nature and severity of your impairment(s)." 20 C.F.R. § 404.1527(e)(2) (2010). Thus, the ALJ's evaluation of ability to work, while mindful of the treating physician's opinion as to disability, must rely primarily on those medical opinions which relate to the nature and severity of impairment.

In the present case, the ALJ adequately incorporated Dr. Freund's medical findings into her determination and accommodated the RFC results in a considered manner. The ALJ, in finding that Short could perform sedentary work, included recommendations made by Dr. Freund in several of his consultations with Short. Dr. Freund's restriction on lifting above the shoulder, limitation on repetitive

bending or twisting, and suggestion of alternation between standing and sitting were all considered in the determination. Moreover, the ALJ's determination, notwithstanding Dr. Freund's assertion of disability, reasonably comports with the treating physician's medical findings. The ALJ concluded that the "record reflects that she experienced significant improvement after a normal recuperative period." (R. at 19.) In support of this conclusion, she cited Dr. Freund's observations of continued improvement of left leg sensation, intact strength in the lower extremities, normal gait, and negative straight leg raising. Thus, the medical findings coupled with the conclusions of the RFC are reasonably supportive of the ALJ's denial of disability.

Finally, Short argues that the ALJ engaged in an inadequate analysis of Short's credibility. I must grant the ALJ deference regarding credibility determinations, and here I find the ALJ's assessment of Short's claims of pain and functional limitations is supported by substantial evidence in the record. The ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]…" (*Id.*) The ALJ reasonably determined that the record supports the existence of the alleged symptoms, but it does not provide for the extensive impact of these symptoms that Short alleges. The ALJ supported this determination with the aforementioned evidence pointing to continued and

consistent improvement of the lumbar injury. For these reasons, I cannot find error in the ALJ's assessment of Short's credibility.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: August 22, 2011

/S/ JAMES P. JONES
United States District Judge